943 F.2d 53
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alex M. CUNNINGHAM, Defendant-Appellant.
 No. 91-3099.
 United States Court of Appeals, Sixth Circuit.
 Sept. 10, 1991.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and JARVIS, District Judge.*
 PER CURIAM.
 
 
 1
 Alex M. Cunningham apeals the district court's denial of his motion to dismiss the indictment against him on double jeopardy grounds. Cunningham argues that the district court abused its discretion by refusing his motion to dismiss the criminal charges against him where he has previously been subjected to civil forfeiture of nearly $500,000 arising out of the same wrongdoing. For the following reasons, we affirm.
 
 
 2
 On April 26, 1990, Cunningham was indicted on twenty-eight counts of cocaine distribution and money laundering; at that time Cunningham was a fugitive. A week earlier, on April 19, 1990, a civil complaint of forfeiture was filed against $423,850 which Cunningham had allegedly used to purchase approximately thirty kilograms of cocaine from undercover officers in a reverse sting operation. See 21 U.S.C. § 881(a)(6). Notices of seizure were published, but no one appeared to contest the forfeiture. Accordingly, on June 4, 1990, a default judgment was entered in favor of the United States.
 
 
 3
 Days before the scheduled start of his criminal trial, Cunningham filed a motion to dismiss the indictment on double jeopardy grounds. He claimed that his criminal prosecution was barred by the double jeopardy clause because the prior civil forfeiture of the $423,850 used in the illegal drug transactions was a punitive measure rendering any subsequent prosecution arising out of the same incident unconstitutional under United States v. Halper, 490 U.S. 435 (1989) (under double jeopardy clause a defendant who already has been punished in a criminal prosecution may not be subject to an additional civil sanction to the extent that the second sanction is so extreme as to be punitive). The district court refused to dismiss the indictment, finding Halper inapplicable. Cunningham was thereafter convicted on seventeen of the counts listed in the indictment.
 
 
 4
 On appeal, Cunningham argues that the district court abused its discretion by refusing to dismiss the indictment on Halper grounds. We disagree. Halper by its own terms is limited to
 
 
 5
 the rare case ... where a fixed-penalty provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused. The rule is one of reason: Where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify a "punishment" in the plain meaning of the word, then the defendant is entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment.
 
 
 6
 Id. at 502. Because civil forfeitures under 21 U.S.C. § 881(a)(6) are remedial in nature, rather than punitive, the Halper analysis is inappropriate to this case. See United States v. $2,500 in United States Currency, 689 F.2d 10, 13 (2d Cir.1982) (concluding § 881(a)(6) civil forfeiture is remedial); United States v. One Assortment of 89 Firearms, 465 U.S. 354 (1984) (remedial forfeiture actions not penalties for purposes of double jeopardy). Accordingly, no error arose from the district court's refusal to dismiss the indictment against Cunningham.
 
 
 7
 For the foregoing reasons, we affirm.
 
 
 
 *
 The Honorable James H. Jarvis, United States District Judge for the Eastern District of Tennessee, sitting by designation